RUTH M. WOODALL, Plaintiff, v. JOHN HILL WOODALL, Defendant.

---

(*September* 12, 1956.)

LAYTON, J., sitting.

*Joseph P. Hurley* for the Plaintiff.

*G. A. Peterson* for the Defendant.

Superior Court for New Castle County, No. 117, Civil Action, 1956.

LAYTON, J.:

Plaintiff filed a libel in divorce against defendant upon the ground of wilful desertion. Defendant, although admitting his desertion, set up defenses charging conduct on the part of plaintiff constituting grounds for divorce in his favor had he elected to bring suit.

■■ From the testimony taken at the hearing, I find the following facts: (1) During the entire period they lived together, plaintiff refused to consummate the marriage and (2) At a time when defendant was able and desirous of providing a separate home, plaintiff refused to leave her mother's home where they started married life. I further find that defendant, exasperated by plaintiff's conduct, finally left her and has remained away for a period in excess of two years.

Plaintiff, nevertheless, maintains she is entitled to a decree. To the contrary, he whose conduct itself amounts to grounds for divorce and which causes the other spouse to leave the marriage home is hardly in the position to maintain an action for wilful desertion under Title 13, *Del. C.* § 1523.[1] As stated in *Nelson Divorce and Annulment Vol. 1, Chap. 4*, p. 102 *et seq.*:

---

[1]Willful desertion for two years is a ground for divorce in this jurisdiction.

"* * * To obtain a divorce on any ground, it is required in most states that the applicant be the 'injured and innocent party,' not the one 'at fault' in causing the situation complained of. Therefore, if the applicant by his conduct, whether or not it would independently be ground for divorce, brought about a situation so unpleasant or intolerable that the opposite spouse could not be expected to continue further cohabitation, the latter's cessation of cohabitation may be regarded as 'justified' and the applicant be denied a divorce because the fault was his and he was not an injured and innocent party. * * * *Justification' may come up from the further angle of a defense interposed by the abandoning party, who, without seeking to go so far as to make the other spouse a constructive deserter and obtain a divorce himself on that ground, seeks to show that he had good cause for terminating cohabitation; that the spouse seeking divorce was at fault or that he (defendant) was not actually a deserter."[2]

Such is the exact situation here. A decree will be denied.